IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CHAD PETTIFORD, On Behalf of HIMSELF and All Others Similarly Situated,<br><br>　　　*Plaintiff*,<br>v.<br><br>BIGHAM CABLE CONSTRUCTION INC.,<br><br>　　　*Defendant.* | COLLECTIVE ACTION<br><br>CASE NO. _____<br><br>JUDGE _____<br><br>JURY DEMAND |

## COLLECTIVE ACTION COMPLAINT

1.  Plaintiff Chad Pettiford brings this Fair Labor Standards Act ("FLSA") collective action lawsuit against Defendant Bigham Cable Construction Inc. ("Defendant") on behalf of himself and all similarly situated individuals, pursuant to 29 U.S.C. § 216(b). Plaintiff alleges that he and similarly situated current and former employees of Defendant regularly worked more than 40 hours per week without receiving overtime pay, in violation of the FLSA.

### I. JURISDICTION AND VENUE

2.  This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

3.  Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and because the claims arose in this judicial district.

### II. PARTIES

4.  Plaintiff Chad Pettiford is a resident of Albany, Dougherty County, Georgia, is over the age of nineteen (19), and has been employed by Defendant since in or around August

1

2014 (with the exception of approximately six months some time in 2015 or 2016).

5. Defendant Bigham Cable Construction Inc. is a Florida corporation that is headquartered at 1023 Woodlore Circle, Gulf Breeze, Florida 32562. Defendant operates its business within this judicial district, throughout the State of Georgia, and in at least four other states—Alabama, Florida, North Carolina, and South Carolina.

6. Defendant operates a telecommunications construction business primarily installing, repairing, and maintaining main telecommunication lines (both underground and aerial) and equipment for various telecommunications providers. The vast majority of Defendant's business is in construction and not in providing goods or services to end users.

7. Defendant employs individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce or is engaged in handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce. As such, Defendant is covered by the FLSA.

### III. FACTS

8. Plaintiff has worked for Defendant since in or around August 2014 (with the exception of approximately six months some time in 2015 or 2016) as an aerial cable installer.

9. Plaintiff has worked for Defendant out of its Albany, Georgia location.

10. Plaintiff typically works 45 hours per week, though he sometimes works more.

11. Defendant pays Plaintiff a fixed amount per work task pursuant to a piece rate sheet. For example, for installing main telecommunications lines, Defendant pays Plaintiff a fixed amount per foot of telecommunication lines installed.

12. Defendant does not pay Plaintiff any additional overtime pay for hours worked in excess of 40 in a workweek.

13. Defendant only pays Plaintiff these piece rates, which it characterizes in his pay stubs as "commissions."

14. In many workweeks when Plaintiff works in excess of 40 hours, Defendant has paid Plaintiff a regular rate less than one and one-half times the federal minimum wage of $7.25 per hour.

15. Defendant pays its other technicians in the same or similar manner—*i.e.*, per unit or per foot for each work task.

16. Like Plaintiff, these other technicians have routinely worked in excess of 40 hours in a workweek.

17. Defendant also has failed to pay these other technicians overtime premium pay for hours in excess of 40 in a workweek.

18. Plaintiff and other technicians are not exempt from the overtime provisions of the FLSA.

19. Thus, Defendant's failure to pay Plaintiff and other technicians proper overtime pay for hours over 40 in a week is in violation of the FLSA.

20. Defendant knew and/or acted with reckless disregard of the fact that its failure to pay Plaintiff and other technicians overtime violates the overtime requirements of the FLSA.

### IV. COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff asserts his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following similarly situated employees:

> All technicians currently or formerly employed by Defendant at any time since May 29, 2015, who install, maintain, and/or repair telecommunications lines and equipment for Defendant.

(the "Collective").

22. Plaintiff and the Collective are "similarly situated" as that term is defined in

3

29 U.S.C. § 216(b) because, among other things: (1) Defendant does not pay Plaintiff and the Collective overtime premium pay when they work more than 40 hours per week; (2) Defendant pays Plaintiff and the Collective a fixed amount per unit and/or per foot for each work task completed; (3) Defendant pays Plaintiff and the Collective at a regular rate less than one and one-half times the statutory minimum wage in many workweeks; and (4) Defendant misclassifies Plaintiff and the Collective as exempt from the FLSA.

23. Virtually all of the legal and factual issues that will arise in litigating the collective claims are common to Plaintiff and the Collective. These issues include: (1) whether Defendant can demonstrate that Plaintiff and the Collective are exempt from the overtime requirements under the FLSA; and (2) whether Defendant actually pays Plaintiff and the Collective overtime at one and one-half times their regular rates for hours over 40 in a workweek.

### V. CAUSE OF ACTION – FAILURE TO PAY OVERTIME

24. All previous paragraphs are incorporated as though fully set forth herein.

25. Plaintiff and the Collective are employees entitled to the FLSA's protections.

26. Plaintiff and the Collective are not exempt from receiving FLSA overtime benefits.

27. Defendant is an employer covered by the FLSA.

28. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay.

29. Defendant has violated the FLSA by failing to compensate Plaintiff and the Collective for all hours above 40 worked in a workweek at one and one-half times their regular rates of pay.

30. In violation of the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all potential members of the collective action;

C. A finding that Defendant has violated the FLSA;

D. A finding that Defendant's FLSA violations have been willful;

E. A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for compensation for all unpaid and underpaid wages that Defendant has failed and refused to pay in violation of the FLSA;

F. Prejudgment interest to the fullest extent permitted under the law;

G. Liquidated damages to the fullest extent permitted under the FLSA;

H. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

I. Such other and further relief as this Court deems just and proper in equity and under the law.

## VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: May 29, 2018

Respectfully submitted,

_____
**MICHAEL J. MOORE (GA Bar No. 520109)**
**AIMEE J. HALL (GA Bar No. 318048)**
POPE MCGLAMRY, KILPATRICK, MORRISON &
NORWOOD, P.C.
3391 Peachtree Road, NE, Suite 300
P.O. Box 191625 (31119-1625)
Atlanta, GA 30326
Telephone: (404) 523-7706
michaelmoore@pmkm.com
aimeehall@pmkm.com
efile@pmkm.com

**DAVID W. GARRISON (TN Bar No. 24968) \***
**JOSHUA A. FRANK (TN Bar No. 33294) \***
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

\* *Pro Hac Vice* Motion anticipated

*Attorneys for Plaintiff*