IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CHAD PETTIFORD, on behalf of himself and all others similarly situated, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CASE NO.: 1:18-CV-109 (LAG) |
| BIGHAM CABLE CONSTRUCTION INC., | : : | |
| Defendant. | : : | |
| _____ | : | |

## ORDER

Before the Court is the Parties' Joint Motion for Settlement Approval, Certification of Collective Action, and Notice (Motion) (Doc. 36). For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

Plaintiff Chad Pettiford initiated this Fair Labor Standards Act (FLSA) collective action on May 29, 2018, on behalf of himself and similarly situated individuals. (Doc. 1.) Plaintiff alleges that Defendant Bigham Cable Construction employed him as an aerial cable installer and foreman intermittently from 2014 until May 11, 2018. (Doc. 1 ¶ 8; Doc. 36 at 2–3.) Plaintiff further alleges that he, and similarly situated employees, regularly worked more than forty hours per week and that Defendant failed to pay overtime wages. (Doc. 1 ¶¶ 12, 14–17, 19.) On July 16, 2018, Defendant answered the Complaint. (Doc. 10.) In its Answer, Defendant denied liability, arguing that Plaintiff and others were exempt from the FLSA's overtime provisions and that Plaintiff's claims were barred by the applicable statute of limitations. (*Id.* at 1–2.) Defendant also asserted that Plaintiff was not entitled to liquidated damages because it acted in good faith. (*Id.* at 1.) Between July 11 and September 27, 2018, Brandon Owensby,

1

Kenneth Peele, Willie Tubb, and Brandon Foss all consented to join the action as party plaintiffs. (Docs. 9, 14, 16–17.)

On September 21, 2018, Plaintiff filed a motion for conditional certification and for the issuance of court-supervised notice. (Doc. 15.) Defendant responded on October 19, 2018, and Plaintiff replied on November 8, 2018. (Docs. 20, 24.) Before the Court could rule on the motion for conditional certification, the Parties moved the Court to stay the action pending the outcome of mediation. (Doc. 32.) On March 11, 2019, the Court stayed the action. (Doc. 33.) On April 19, 2019, the Parties notified the Court that they had reached a settlement agreement. (Doc. 34.) Accordingly, on April 29, 2019, the Court ordered the case be administratively closed while the Parties finalized their settlement agreement. (Doc. 35.)

On May 17, 2019, the Parties filed the instant Motion and their proposed FLSA Settlement Agreement. (Docs. 36, 36-1.) Therein, the Parties request that the Court approve their proposed Settlement Agreement, certify this as a FLSA collective action, approve their proposed notice of settlement, and retain jurisdiction over the matter for fifteen days after the close of the opt-in period to enforce the Settlement Agreement. (Doc. 36 at 1–2.) The Parties represent that, through "arms-length negotiations" and "significant discovery," they have reached "a fair and reasonable compromise of [Plaintiff and potential plaintiffs'] claims." (*Id.* at 5.) Specifically, Defendant has agreed to pay a total settlement amount of $353,582.50. (Doc. 36-1 at 6.) Of this amount, $240,082.50 is to be allocated and paid out to potential opt-in plaintiffs based on "a common formula" and employees' "actual employment data" from May 28, 2015 through May 29, 2018. (Doc. 36 at 6; Doc. 36-1 at 6.) Plaintiff Pettiford, as the prospective class's named representative, is to be paid an additional service award of $3,500.00. (Doc. 36-1 at 6.) Plaintiff's counsel is to be paid $80,000.00 for fees and costs incurred in litigation. (*Id.*) Finally, Defendant has agreed to pay all costs of claims administration. (*Id.*)

Once the Court approves the proposed Settlement Agreement, SSI—an experienced claim administrator—will send potential opt-in plaintiffs a notice packet, including the proposed notice, a consent form, their expected gross settlement amount (before wage withholdings), and instructions on how to opt into the Settlement Agreement. (Doc. 36 at

5–6.) Potential opt-in plaintiffs have sixty days from service of the notice packet to opt into the settlement and receive their payment checks. (*Id.* at 6.)

## DISCUSSION

The Parties seek to have the Court certify a collective action of prospective plaintiffs. (*Id.* at 2.) Pursuant to 29 U.S.C. § 216(b), "any one or more employees" may bring an action to recover overtime compensation "for and in behalf of himself or themselves and other employees similarly situated." No employee, however, "shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216. In *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208 (11th Cir. 2001), the Eleventh Circuit set forth a two-tiered approach for certifying collective actions under § 216(b). At the first tier—the so-called "notice stage"—"the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Hipp*, 252 F.3d at 1218. At this stage, "the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.'" *Id.* At the second tier, a defendant usually moves to decertify the collective action. *Id.* In evaluating whether to decertify, the court must make a factual determination as to whether the opt-in plaintiffs are "similarly situated." *Id.* "If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Id.* While nothing "requires district courts to utilize this approach," the Eleventh Circuit has "suggest[ed] that district courts in this circuit adopt it . . . ." *Id.* at 1219.

The Parties seek to certify a collective action, including "all individuals employed by Bigham between May 28, 2015 and May 28, 2018 working as an Aerial and Underground Foreman, Groundhand, or Splicer and paid on a per piece or production rate regardless of hours worked . . . ." (Doc. 36 at 2.) At the same time, the Parties seek Court approval of their proposed Settlement Agreement, settling Plaintiff's claims and the claims of an additional 209 potential opt-in plaintiffs. As no collective action has been conditionally certified, the Parties propose a "one-step approval process," whereby the Court approves the Settlement

Agreement and prospective opt-in plaintiffs may then freely join the action post-Court approval. (*Id.* at 12.)

While a "one-step approval process" is standard in some circuits,[1] it is not permitted in this circuit. As the Court of Appeals explained in *Cameron-Grant v. Maxim Healthcare Services, Inc.*, an FLSA "action does not become a 'collective' action unless other plaintiffs affirmatively opt into the class by giving written and filed consent." 347 F.3d 1240, 1249 (11th Cir. 2003) (citing *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975)). Thus, under § 216(b), a plaintiff "has no right to represent [other similarly situated plaintiffs]" until such consent is given. *Id.* Unlike a Federal Rule of Civil Procedure 23 class action, "the named plaintiff [in a § 216(b) collective action] does not have the right to act in a role analogous to the private attorney general concept." *Id.* This is because "the existence of a collective action under § 216(b) [ ] depend[s] on the active participation of other plaintiffs." *Id.* Accordingly, without such consent, "no person will be bound by or may benefit from judgment." *Id.*

The Parties' proposed one-step approval process runs afoul of binding Eleventh Circuit precedent and attempts to litigate the rights of parties not yet before the Court. Specifically, the proposed Settlement Agreement provides that "within thirty (30) calendar days of the entry of the Court's Order certifying the class [and] approving this Settlement Agreement" the Parties will notify the 209 potential opt-in plaintiffs to allow them to participate in the Settlement Agreement. (Doc. 36-1 at 3–4.) As explained in *Cameron-Grant*, however, Plaintiff has no right to represent the interests of these 209 similarly situated potential plaintiffs who have not consented to join this action. 513 F.2d at 288. As these potential plaintiffs have not joined the action, there was no "active participation of other plaintiffs," and the potential plaintiffs did not have an opportunity to object to the terms of

---

[1] *See, e.g.*, *Lauture v. A.C. Moore Arts & Crafts, Inc.*, 2017 WL 6460244, at *1 (D. Mass. June 8, 2017) ("A one-step approval process is appropriate in FLSA settlements that do not include proposed Federal Rule of Civil Procedure 23 class releases.") (collecting cases); *Castillo v. Noodles & Co.*, 2016 WL 7451626, at *1 (N.D. Ill. Dec. 23, 2016) ("A one-step settlement approval process is appropriate."); *Briggs v. PNC Fin. Servs. Grp., Inc.*, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016) (same); *Koszyk v. Country Fin.*, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016) (same); *Bozak v. FedEx Ground Package Sys., Inc.*, 2014 WL 3778211, at *2 (D. Conn. July 31, 2014). *But see Mygrant v. Gulf Coast Rest. Grp., Inc.*, 2019 WL 4620367, at *2 (S.D. Ala. Sept. 23, 2019); *Appleman v. DS Servs. of Am., Inc.*, 2015 WL 13273121, at *3 (S.D. Fla. Aug. 24, 2015); *Perez v. Avatar Properties, Inc.*, 2008 WL 4853642, at *4 (M.D. Fla. Nov. 6, 2008); *Santiago v. Walpole, Inc.*, 2008 WL 4822894, at *3 (M.D. Fla. Nov. 5, 2008).

the proposed Settlement Agreement. *Id.* In sum, "the [P]arties have put the proverbial cart before the horse in settling all claims, before the representative plaintiff has any indication as to exactly what those claims are and how many others he will actually represent." *Perez v. Avatar Props., Inc.*, 2008 WL 4853642, at *4 (M.D. Fla. Nov. 6, 2008) (addressing one-step approval process in FLSA collective action settlement). Thus, the Court cannot approve the proposed Settlement Agreement at this time.

## CONCLUSION

For the reasons stated above, the Parties' Motion (Doc. 36) is **DENIED**. If the Parties still desire to resolve this collective action by settlement, they are given leave to submit a renewed motion for conditional certification of a proposed class with a revised notice procedure to allow potential plaintiffs to opt into the case and provide them an opportunity to object to any proposed settlement agreement.

**SO ORDERED**, this 20th day of November, 2019.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**