IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

CHAD PETTIFORD, on behalf of himself :
and all others similarly situated, :
: 
    Plaintiffs, :
:
v. : CASE NO.: 1:18-CV-109 (LAG)
:
BIGHAM CABLE CONSTRUCTION :
INC, :
:
    Defendant. :
_____:

**ORDER**

    Before the Court is the Parties' Joint Motion for Final Approval of the Parties' Proposed Settlement and for Dismissal of This Case (Doc. 51). Therein, the Parties seek final approval of their proposed Revised Settlement Agreement and dismissal of this action with prejudice. (*Id.* at 1.)

    On January 23, 2020, the Parties moved for Court approval of their proposed Revised Settlement Agreement. (Doc. 44.) Under the terms of the Revised Settlement Agreement, Defendant agrees to pay a total settlement amount of $353,582.50. (Doc. 44-1 at 6.) Of this amount, $240,082.50 is to be allocated for a Settlement Fund and paid out to potential opt-in plaintiffs based on "a common formula," such that each employee receives their "*pro rata* share" of the Settlement Fund based on "the number of actual workweeks worked" between May 28, 2015 and May 28, 2018, in which the employee was "paid on a production or piece rate basis." (*Id.* at 3, 6–7.) Plaintiff Pettiford, as the prospective class's named representative, is to be paid an additional service award of $3,500.00. (*Id.* at 7.) Plaintiff's counsel is to be paid $80,000.00 for fees and costs incurred in litigation. (*Id.*) Finally, Defendant agrees to pay all costs of claims administration. (*Id.*)

    The Revised Settlement Agreement also provided for a "two-step approval process." (Doc. 44 at 2.) Under this process, the Parties first sought preliminary approval of the Revised

Settlement Agreement, which the Court granted on April 17, 2020. (Doc. 50 at 10.) The Court also conditionally certified a class of plaintiffs pursuant to 29 U.S.C. § 216(b), appointed Plaintiff Pettiford as class representative, approved the Parties' notice procedures, and ordered service be made on prospective opt-in plaintiffs. (*Id.* at 10–11.) Accordingly, Settlement Services, Inc. (SSI) sent potential opt-in plaintiffs a Notice Packet on May 15, 2020. (Doc. 44-1 at 4, 20–24; Doc. 51-2 ¶ 5.) Potential opt-in plaintiffs were provided sixty days from the postmark date of the Notice Packet to opt into the collective action and participate in the Settlement Agreement or to object to the terms of the Revised Settlement Agreement. (Doc. 44-1 at 4, 20–24.)

Following the close of the notice period, the Parties filed the instant Motion, seeking final approval of their Revised Settlement Agreement. (Doc. 51.) The Parties provide the declaration of SSI Director of Operations Robert Hyte. (Doc. 51-2.) Hyte declares that it sent Notice Packets to 204 prospective opt-in plaintiffs. (*Id.* ¶ 5.)[1] Twenty-one packets were returned as undeliverable with no forwarding address. (*Id.* ¶ 6.) SSI was able to obtain possible addresses for twelve of these potential plaintiffs using a locator trace and resent those packets. (*Id.*) Accordingly, of the 204 Notice Packets sent, only nine were unable to be sent by mail. (*Id.*) The Parties also represent that SSI sent 123 Notice Packets via email to those potential plaintiffs with known email addresses. (Doc. 51 at 2.) The deadline for opting into the instant action and filing objections was July 14, 2020. (Doc. 51-2 ¶¶ 8–9.) As of that date, eighty-five plaintiffs had opted into this action and the Revised Settlement Agreement, constituting a total of eight-nine claimants. (*Id.* ¶ 8.) No objections were filed. (*Id.* ¶ 9.) Pursuant to the Revised Settlement Agreement, Defendant will pay $210,742.46 to resolve this matter, including a $3,500.00 service award to Plaintiff Pettiford, $80,000.00 in attorney's fees to Plaintiffs' counsel, and $127,242.46 for opt-in Plaintiff's claims ($63,621.01 in back wages and $63,621.45 in liquidated damages). (Doc. 51 at 2; Doc. 51-2 ¶ 10.)

In its April 17th Order, the Court preliminarily approved the Parties' Revised Settlement Agreement. (Doc. 50 at 10.) The Court found that there was a *bona fide* dispute, the

---

[1]   Notice Packets were not sent to the four class representatives and one prospective class members who did not have an address. (Doc. 51-1 ¶ 5.)

proposed financial settlement—including the total settlement amount, service award, and attorney's fees—represented a fair and reasonable compromise of Plaintiffs' claims, and the release provision was acceptable. (*Id.* at 6–10.) No objections were filed during the notice period. The Court, therefore, finds that the Revised Settlement Agreement is "a fair and reasonable resolution of a bona fide dispute" for the reasons set forth in its April 17th Order. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Accordingly, the Parties' Motion (Doc. 51) is **GRANTED**, the Parties' Revised Settlement Agreement (Doc. 44-1) is **APPROVED**, the Parties are **ORDERED** to implement the provisions of their Revised Settlement Agreement, and this action is **DISMISSED with prejudice** in accordance with the terms of the Parties' Revised Settlement Agreement.

**SO ORDERED**, this 11th day of August, 2020.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**